IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT SABET,** | : CIVIL ACTION NO. 1:23-CV-2152 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **JESSICA SAGE, WARDEN** | : |
| Respondent | : |

## **MEMORANDUM**

Petitioner Robert Sabet ("Sabet"), an inmate currently confined at the Satellite Prison Camp in Lewisburg, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docs. 1, 1-1). Sabet seeks an order directing the Bureau of Prisons ("BOP") to award him time credits pursuant to the First Step Act ("FSA") and additional good conduct time. (Id.) For the reasons that follow, we will dismiss the habeas petition without prejudice based on Sabet's failure to exhaust available administrative remedies.

## I.      **Factual Background**

Sabet is serving a 30-month term of imprisonment imposed by the United States District Court for the Eastern District of New York for conspiracy to commit health care fraud and engaging in an unlawful monetary transaction. (Doc. 6-1 at 7-9). At the time respondent filed the response, Sabet's projected release date was May 24, 2024, via FSA time credits release. (Id.) According to the BOP inmate

locator, Sabet's current projected release date is May 9, 2024.  See https://www.bop.gov/inmateloc/ (last accessed February 7, 2024).

The Administrative Remedy Generalized Retrieval reveals that Sabet filed two administrative remedies while in BOP custody and neither concern the claims in the instant habeas petition.  (Doc. 6-1 at 11-12).  On January 6, 2023, Sabet filed administrative remedy number 1147005-F1 at the institution level requesting home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act.  (Id. at 12).  The remedy was closed, and Sabet did not file an appeal.  (Id.)  On June 29, 2023, Sabet filed administrative remedy number 1172533-R1 regarding a disciplinary appeal.  (Id.)  The remedy was rejected because Sabet did not include a complete set of carbonized copies.  (Id.)  Sabet did not resubmit his appeal.  (See id.)

In his § 2241 petition, Sabet asserts that he is entitled to additional FSA time credits and additional good conduct time.  (Docs. 1, 1-1).  Respondent contends that Sabet's § 2241 petition must be dismissed because: (1) Sabet failed to exhaust his administrative remedies before filing the instant habeas petition; and (2) Sabet is not entitled to additional FSA time credits or good conduct time.  (Doc. 6).  Because our analysis begins and ends with the administrative exhaustion argument raised in respondent's response, we do not reach the merits of petitioner's claims.

**II.  Discussion**

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.  See Callwood v. Enos, 230

F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. See id. §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Sabet acknowledges that he did not exhaust administrative remedies with regard to his present claims. (Doc. 1 at 2-3). He has not set forth any argument that he should be excused from exhausting administrative remedies. While the court

3

recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction," Kurti v. White, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020), the instant case involves a dispute regarding the specific number of FSA time credits and good conduct time earned by Sabet. Sabet is not challenging the legality of BOP regulations or presenting an issue of statutory construction that might justify excusing him from the exhaustion requirement. Therefore, the exhaustion requirement cannot be excused. Sabet's claim is the type of dispute that must first be presented to BOP officials. Because Sabet did not exhaust his administrative remedies, and no exception applies, his § 2241 petition must be dismissed. See Moscato, 98 F.3d at 762.

### III. Conclusion

We will dismiss Sabet's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: February 7, 2024